Good morning, your honors. May it please the court, Zulu Ali on behalf of the petitioner. I would like to spend my time focusing primarily on three issues. The first issue is regard to this court's recent decision in the case of U.S. v. Aguilar-Rios. The second one is the issue of the particularly serious crime issue, as whether this was per se a particularly serious crime. And number three is the court's failure to adequately consider the YL factors under Francesco. Can we move backwards from the third one? Maybe you can do them in a little bit different order. If this was statutorily a particularly serious crime, and I understand your argument on that, the sentence wasn't five years, so we can get to that in a second, but assuming that for purposes of the statute the sentence was in excess of five years, does the IJ and the BIA also have to go through the Francesco factors? There you are. Aren't they only to determine whether as a discretionary matter a crime is particularly serious? Well, if the statute tells you that, let's assume for a second, I know this isn't the facts of the case, that your client committed murder, and the BIA said, well, it's a particularly serious crime, it's an aggravated felony, I can look at the statute, the sentence was life, we don't need to worry about the Francesco factors. We've found as a statutory matter that this is a particularly serious crime. Tell me why the court then has to go on to a discretionary analysis that's irrelevant under the circumstances. I think that assuming that it was a crime that was clearly an aggravated felony and the relevant time period with regards to sentencing was given, then I don't think that Francesco factors. Okay. So let's go back to your second argument then and tell me why in this case your client got an aggregate sentence of 12 years for the use of a firearm crime, if you will. Why that's not a sentence in excess of five years? Well, it's not a sentence in excess of five years because the enhancement obviously is not related to the crime itself. It's not actually an element of the actual crime. Well, in this case it was, though, wasn't it? Because the enhancement was for use of a firearm. And so it wasn't, didn't the crime itself have that as an element? I think that in this particular case the reason that there was an additional time given was because there was, I believe, a gang enhancement. Well, there's also an enhancement for use of a firearm. There's two enhancements here, one for four years and one for three. I forget which is which, but I think the firearm enhancement is for four years. And the conviction is for assault with a firearm. So why wasn't the use of a firearm actually proved at trial or proved by the conviction? Well, I think that the issue would be, for example, let's just say if there was a conviction that did not make it, let's just assume it was something that wasn't an aggravated felony. The underlying crime would actually be the issue. The enhancement, assuming that the crime was not an aggravated felony. But in this case, as I understand it, and so correct me if I'm wrong, the crime itself is an aggravated felony. It becomes a particularly serious crime because the penalty for it is an excess of five years, right? Correct, Your Honor. Okay, so you're not disputing that the crime itself was an aggravated felony. You're disputing that it's a particularly serious crime because you think the sentence was really only three years. Correct. So in this case, don't we only focus on the sentence? I don't think so. I think that we would have to focus on the actual underlying crime and the amount of time that he got with the underlying crime. Okay, the sentence for the underlying crime. Correct. And the reason being is, and where I was going with the issue of the actual crime itself, assuming that he was convicted of a crime that was not an aggravated felony. However, he was given additional time because they found whatever. Okay, I understand. But there's a preliminary requirement that it be an aggravated felony before it can be a particularly serious crime. Correct, Your Honor. So we have cases that say we shouldn't apply a recidivism enhancement because that doesn't have anything to do with the facts of the crime. But the enhancements in your case seem to actually have to do with the facts of the crime. Why shouldn't we apply them? I don't think they should be applied because I think that it would not be, I don't think the law, it would be consistent with the law as it is, number one, because the law does not address that issue. What's your best case on why we shouldn't apply an enhancement that's not a recidivism-based enhancement? Well, I don't have the best case, Your Honor, but I can say that. There's some worst cases. I hope that you had one on the other side. I do not. I just basically know that whenever you're talking about the issue of particularly serious crime, the only time that the enhancements have actually been considered in the cases that I've read, and I apologize that I don't have those. Well, I couldn't find them either, so there's no reason to apologize. But the only time that I've ever seen that enhancements were utilized with regards to determining whether there's a particularly serious crime would be whether that goes into the YL factors. Now, I've seen judges consider it. I'm going to Francesca factors. Exactly. Yeah, so it could be considered in that analysis, but I've never seen it considered with regards to the underlining crime that's determined to be, whether it's an aggravated felony or a particularly serious crime. Well, does it make a difference, and I assume for your purposes it has to, if the enhancement results from a statutory requirement versus a discretionary sentencing decision by the judge? In other words, if in this case, as I understand it, your client got an extra four years charged with assault, and then they got four years added on to the assault sentence that otherwise might have been imposed because he used a firearm. Is that correct? Correct, Your Honor. Now, what if it wasn't a requirement, but the sentencing judge says, I can sentence you anywhere from zero to ten years. If it's just simple assault, I probably would have given you a year, but because you used a firearm at my sentencing discretion and my experience, I give everybody who uses a firearm an extra four years, and now it's six years. Well, I think under California law, whenever you are found guilty of the enhancement, there is no discretion, whether it's for gang enhancement or a gun. I think that it automatically goes. I don't think the judge has no leeway. But the question Judge Malloy is asking is slightly different, which is that let's assume for a moment that the penalty for the crime that your client committed, which is felony assault with a firearm, is from three to six years, and the judge in his discretion in this case, and there had been no enhancements at all, the judge just gave five years as the sentence. You'd agree then it would qualify as a particularly serious crime? It would, Your Honor. So what's the difference between the judge in his discretion giving the maximum and the judge in his discretion giving a lower sentence for the crime itself but putting the enhancements on, to which your client pleaded guilty, so that we don't have any issue of jury trial with respect to these? Well, I think it's significant because I think that the idea that he was only given the minimum sentence, or I guess maybe a mid-range sentence for the assault with a deadly weapon, the three years I don't think really has really any – they're completely two different crimes. No, they're really not two different crimes here in the sense that it's felony assault with a firearm, and the enhancement is for use of a firearm. So I could see the judge saying, I'm going to have to give him a four-year enhancement, whatever happens, because he used the firearm. And so I'll make the basic sentence a little lower so I don't keep him in jail too long. So in some ways what we'd be saying to the judge is don't do that. Give him the max on the underlying one and then lie this one on top of it because otherwise there's – well, the judge is not thinking about immigration consequences, but you see my point. The judge may have given the smaller sentence on the crime itself knowing that he had to impose two enhancements. Well, I think the issue is the fact that the judge does have discretion with regards to the underlying offense, but he does not have any discretion with regards to the enhancement. So I think that's what makes it – separates the two is that whenever a judge is considering the facts of the case, he clearly can consider the facts and reduce the sentence based upon – or increase the sentence based upon the underlying facts. However, what the judge does not have discretion to do is to make a determination with regards to the actual enhancement. Well, because your client pleaded guilty to them. Correct. You've used up almost all your time, but we'll give you a little extra time for rebuttal if you'd like. Okay. That's fine. Thank you, Mr. Brown. Mr. Robbins. May it please the Court. I'm Jonathan Robbins here on behalf of the respondent, Loretta Lynch, the Attorney General. Good morning, Your Honors. Morning. So as has been discussed, the petitioner in this case was convicted of assault with a firearm under California Penal Code Section 245A2. And he was found removable on the basis of having been convicted of a crime involving moral turpitude. And because of that finding of removability or inadmissibility, he is – the criminal alien bar at 242A2C applies to this case. Can we ask you – can I ask you to start with an area we didn't bother Mr. Allee about? Okay. Which is our jurisdiction. Mm-hmm. Do we have jurisdiction to consider this petition for review? Under this Court's circuit law, it does with respect to the deferral of removal under CAT, under the Convention Against Torture. Right. And put aside CAT for a second. Let's turn to withholding. Withholding, no. Let me tell you how I read our Court's case law in this area and see if you can – do you disagree about our law, not necessarily what it should be. Okay. Haven't we said since the amendments to D that we at least have jurisdiction to consider legal issues? And one of the legal issues is whether or not the crime itself was a statutory serious crime. Well, the Court has jurisdiction to consider colorable legal issues. So it's the government's intention to show that the legal argument the petitioner is purporting to make in this case is not actually colorable. But don't we have to determine that at least? You do. So once we – let's assume for a second that you had found the bar to apply because Mr. Ali's client engaged in jaywalking and he petitioned for review. We would have the ability to say, no, that crime is not a particularly serious crime and therefore the bar doesn't apply, would we not? Yes, that would be a legal determination, which under 242A2D – Right, we get to make. Yes. His argument as a legal matter is that he wasn't sentenced in excess of five years because the enhancements got stacked on. That may be an incorrect argument. But don't we have jurisdiction at least to consider it? You would if it's – in that circumstance, if he was making that argument, yes, that is a legal argument. He is making that argument, isn't he? Well, I'm not sure I necessarily agree with that. I think the issue of the enhancements has been waived in his brief. The argument that he makes in his brief is that the board purportedly erred by failing to consider the factors set forth in the board's precedential decision in Francesco. Right. But the way I read it, he didn't mention the enhancements as part of that. What he sort of – Well, I do read his brief, and Mr. Ali can speak for himself, but I do read his brief as raising the issue of whether or not this was a particularly serious crime because of the – I think he raises both arguments, at least as I read it. Respectfully, I think he raises it in the reply brief. In the reply brief, he starts talking about the enhancements when the government brought it up. But he doesn't raise the issue of enhancements in the opening brief. But nevertheless, it doesn't really matter. But that's a waiver of – waiver in a brief is a discretionary issue for us. It is, but the court should deem an issue that's been waived to be abandoned under this court's precedential law, yes. But if – let's assume for a second we treat that issue as having been raised. Okay. We do have the jurisdiction to say no, no, or yes, yes. I mean, let's assume that enhancements couldn't be counted. Yes, if you interpret that in favor of the petitioner, then yes, you would. So we do have the jurisdiction to consider that argument. Yes, to the extent that the court finds that the legal argument is colorable. Okay, fair enough. So – but again, let's jump right into that then. The legal argument that he's raising is not colorable. As Your Honor noted, there's two ways that a specific criminal offense can constitute a particularly serious crime under the withholding of removal statute. And Your Honor has alluded to it, so I won't harp on it too much, but you're right. We don't get into the Attorney General's discretionary factors under Francescu if the crime is automatically a particularly serious crime under the definition of the statute here. And the definition – the specific statute in this case says that the alien has to be convicted of an aggravated felony for which he was sentenced to an aggregate term of – term of imprisonment of at least five years. Can I stop you for a second there? Does the moral – I know there was an admission that this was a crime of moral turpitude, but that really doesn't matter given that this is a particularly serious crime. It would matter in terms of the criminal alien bar at 242A2C being triggered, which is ultimately – ultimately the result in this case. When the government makes its case that this is not a colorable legal argument, that would mean the court lacks jurisdiction over the withholding of removal claim. So – and because of the criminal alien bar triggered at 242A2C. So it does matter that he was found removable for having been convicted of a crime involving moral turpitude. But there would be – there would be a bar to withholding. It would. He would not be eligible for withholding even if it wasn't a crime of moral turpitude. Yes, in this case. That's right. And so all that's in front of us is I think his claim that the BIA erred in denying him withholding. And CIT. And CIT. And the separate deferral claim under CAT. Right. Yes. Correct. So I'm not sure that the bar is in front of us today. Well, in terms of what the government is asking the court to do, it ultimately ends with a dismissal of the claim with respect to withholding of removal. I understand. But the bar – the bar is not in front of us. It's the ineligibility for – Well, there's no dispute that the bar is triggered because he was found removable. I understand. But what he's seeking review of is the denial of his application for withholding of removal. Withholding of removal, yes. And the reason that that was denied is because he was ineligible for it because he committed a particularly serious crime. Correct. Okay. I mean, I know there's consequences here, but I'm just trying to figure out what we're reviewing. Okay. Well, so in this case, there's no – I don't think there should be too much of a – well, I shouldn't say that. In this case, this is a per se, automatically particularly serious crime because petitioner's criminal offense specifically meets the statutory definition. So let's assume he preserved the argument on sentence. Yes. Tell us why we should count the add-ons, if you will. The enhancements? Well, first of all, the very first thing the court should do is look at the exact language of the statute. What does the statute say? The statute says that it has to be an aggravated felony for which the alien was sentenced. The key word there is sentenced to a term of imprisonment of an aggregate of five years or more. And here we have a sentence of the three-year base term plus the nine-year enhancement terms. So he was sentenced to the 12 years. What if the nine-year enhancement had resulted from a recidivism statute? Well, I want to emphasize that we're not dealing with a recidivism statute. No, I understand. But the Supreme Court has said that it's okay to look at the recidivism enhancements. In its case in Rodriguez, where it overturned this court's en banc decision in the Rodriguez case. And these enhancements are even – let's put it this way. At one point before the Supreme Court had come down on the recidivism enhancements issue, you could at least make an argument with recidivism that it wasn't really dealing with the underlying crime at issue. The argument at the time was that that enhancement really related to prior crimes committed by the criminal. We don't have that kind of argument with these types of enhancements. The firearm enhancement and the gang enhancement in this case, these go specifically to the particular seriousness of the crime. To separate those out of the analysis would distort the entire purpose of the statute in trying to determine whether this crime is particularly serious to begin with. Counsel, Judge Gould, if I could interject a question, please. Yes. Assuming we accept the government's argument here, is the technical resolution that we dismiss with regard to the petition on the withholding issue, but deny in part as to the cat claim issue? Yes, Your Honor, that's exactly the technical remedy. Or not remedy, the technical decision that the government is seeking from the court. Okay, thank you. But do we dismiss if we decide that you're right on the merits, or do we dismiss only if we say it's not colorable? Let's assume we say this is at least a colorable claim, but the government's right on the merits. Is your answer the same, dismiss versus affirm? Well, I want to be careful with the language there. You say on the merits. This isn't an on the merits denial of withholding or removal. On the merits of the legal claim. On the merits of the legal claim. The way I would understand. Let me just make sure we're framing this correctly. Okay. As I understand it, the legal claim is you cannot include the enhancements to get over the five-year threshold that results in the automatic bar. Yes. Assuming we say that's a colorable legal claim, but they're wrong, what's the result? Well, I don't think it follows logically that it's a colorable legal argument, but they're wrong. If they're wrong in the legal argument, as far as I understand it and the way the court does it, is that it would dismiss the petition for review because the legal claim is wrong. Your definition of colorable is winning. Yes, essentially. Okay. And if they have a winning argument, then we do something different. Yes, then you would obviously apply jurisdiction. Okay. But that's where the case turns. And in other cases of similar nature, the court has ultimately dismissed. For example, in the Pachenkov case, the court dismissed the petition for review. So that is the ultimate result, even if they make a legal argument, but the legal argument ends up being wrong. So I only have about 30 seconds left to talk about the deferral of removal under CAT protection. I think it should be self-explanatory from the briefs that the record doesn't compel a contrary conclusion to that of the agency here. When we look at the evidence. That one is before us on the merits. Yes, that is on the merits. And Petitioner has to show a 51% chance that the Salvadoran government is going to consent or acquiesce to torture. And I think the record not only doesn't compel that conclusion, I think it pretty well rebutts it. When we look at the activities that the Salvadoran government is taking to try and tamp down the violence in the country, I don't think it can be said that the record compels a conclusion that they're going to acquiesce to torture of Petitioner in this case. I'm out of time, so I can't really get too in-depth on that unless your honors have any specific questions with respect to the record evidence in that regard. I don't. Just speaking as one judge, I don't need to hear more on that issue. Okay. Thank you, Mr. Robinson. Thank you very much for your time, Your Honor. Why don't we put two minutes on the clock for Mr. Ali? Thank you. I just wanted to bring up one additional point, and I'll mention the Aguilera-Rios decision, which was a 2014 case that was actually a 245A2 conviction where the court had determined that it was not an aggravated felony, that in order for it to be considered to be an aggravated felony, it would have to be a statute that does not exclude antique firearms. And in this particular case, I believe that this is somewhat on point. Did you address that issue? I have not. This was actually a case. Yeah, but that's not an issue that was raised to the BIA. Right. It was not. So you could file a motion to reopen. I could.  Okay. Counsel, it's Judge Gould, if I could interject. Yes, Your Honor. How do you respond to the government's argument just made that the statute itself uses language that suggests we look at the sentence and doesn't distinguish between basic sentence or starting or enhancements? Well, Your Honor, the way that the statute is actually written is it specifically talks about the conviction of an aggravated felony, for which a person receives a sentence of five years or more. It does not talk about an aggregated, an aggregate sentence. Well, no, it does. The statute has the words for which the sentence in the aggregate is more than five years. For the felony. For the aggravated felony. Right. So it specifically talks about the actual aggravated felony. It does not talk about any additional enhancements or any other, you know, add-ons with regards to the actual conviction. So my position would be is that the aggravated felony as set forth in this particular case, he received a sentence of three years, and the statute does not mention anything about that. I mean, for example, someone could actually have been charged with more than one offense that could possibly result in a consecutive sentence as a result of a concurrent sentence. And, for example, if a person has a, gets a minimum sentence on the aggravated felony and received additional times for the, for other offense, and if the underlying offense, of course, is not an aggravated felony, then he wouldn't come under this particular statute. Thank you, Mr. O'Hara. All right, thank you. And thank you, counsel. This case will be submitted.
judges: Gould, Hurwitz, Melloy